**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHAUNDEL DAMON YOUNG | : | |
| | : | |
| Appellant | : | No. 1348 WDA 2025 |

Appeal from the Judgment of Sentence Entered August 7, 2025
In the Court of Common Pleas of Venango County Criminal Division at
No(s):  CP-61-CR-0000421-2024

BEFORE:  BOWES, J., OLSON, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED: AUGUST 6, 2026**

Appellant, Shawndel Damon Young, appeals from the judgment of sentence imposed after he entered an open guilty plea to three counts of possession with intent to deliver (PWID).[1]  On appeal, Appellant challenges the discretionary aspects of his sentence.  We affirm.

By way of background, Appellant was charged with five counts each of PWID, criminal use of a communication facility, possession of a controlled substance, and possession of drug paraphernalia.  On June 9, 2025, Appellant entered an open guilty plea to three counts of PWID, with no agreement as to sentence.  **See** N.T. Guilty Plea Hr'g, 6/9/25, at 10-30.

At the plea hearing, the trial court set forth the factual basis for Appellant's plea as follows:

---

[1] 35 P.S. 780-113(a)(30).

THE COURT: [Appellant,] by entering this plea you are, in fact, admitting that with regard to count eight that you did intentionally or knowingly manufacture, deliver, or possess with the intent to manufacture or deliver a controlled substance, namely cocaine/crack, a schedule II controlled substance, in the city [of] Franklin, County of Venango, when you were not then and there licensed or registered under the Controlled Drug Act to possess said substance. Specifically, on June 20th, 2024, in the city of Franklin, on Grant Street, which is in the Third Ward of Franklin, you delivered .63 grams of crack cocaine. Are you, in fact, admitting to committing that crime?

[Appellant]: Yes.

THE COURT: With regard to count nine, again, that you did intentionally or knowingly manufacture or deliver or possess with the intent to manufacture or deliver a controlled substance, namely cocaine/crack, a schedule II controlled substance, in the city of Franklin, County of Venango, when you were not then and there licensed or registered by the Controlled Drug Act to possess said substance. Specifically, on June 25th, 2024, in the city of Franklin, in the Third Ward, on Atlantic Avenue, you delivered .69 grams of crack cocaine. Are you, in fact, admitting to committing that crime?

[Appellant]: Yes.

THE COURT: With regard to count ten, you did intentionally or knowingly manufacture or deliver or possess with the intent to manufacture or deliver a controlled substance, namely cocaine/ crack, a schedule II controlled substance, in the city of Franklin, County of Venango, when you were not then and there licensed or registered under the Controlled Drug Act to possess said substance. Specifically, on July 8th, 2024, in the city of Franklin, in the Third Ward of Franklin, on Atlantic Avenue, you delivered .66 grams of crack cocaine. Are you, in fact, admitting to committing that crime?

[Appellant]: Yes.

THE COURT: And with regard to each one of these deliveries, you are also admitting that you were not licensed or registered by the Controlled Drug Act to possess or deliver said substances?

[Appellant]: Yes.

THE COURT: And you are also admitting that this is a second or subsequent charge -- I guess it would be a conviction -- with regard to delivering controlled substances?

[Appellant]: Yes.

*Id.* at 18-22.

After accepting Appellant's plea, the trial court deferred sentencing pending the preparation of a pre-sentence investigation (PSI) report. On August 7, 2025, the trial court sentenced Appellant to an aggregate term of ten to twenty years' imprisonment.[2,3] *See* N.T. Sentencing Hr'g, 8/7/25, at 28. Appellant filed a timely post-sentence motion challenging the discretionary aspects of his sentence, which the trial court denied. Appellant subsequently filed a timely notice of appeal and preemptively filed a Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Appellant's claims.

On appeal, Appellant raises the following issues for review:

_____

[2] Specifically, the trial court sentenced Appellant to consecutive terms of five to ten years' incarceration for the first two counts of PWID and a concurrent term of five to ten years' incarceration for the remaining count.

[3] The record reflects that Appellant's prior record score (PRS) was a three at the time of sentencing. *See* N.T. Sentencing Hr'g at 10. The offense gravity score (OGS) for each count of PWID was an eleven. *See* 204 Pa. Code § 303a.14. Therefore, the Sentencing Guidelines set forth a recommended minimum sentence of sixteen to twenty-two months for each count, plus or minus six months for aggravating or mitigating factors. *See id*. Therefore, Appellant's sentence was outside of the standard-range guidelines for each count of PWID.

Additionally, the statutory maximum sentence for a violation of 35 P.S. 780-113(a)(30) is 15 years. *See* 35 P.S. 780-113(f).

1. The trial court abused its discretion by imposing a sentence that was an upward departure from the sentencing guidelines and unduly excessive considering the nature of Appellant's crime.

2. The trial court abused its discretion in considering as factors: a prior [PWID] conviction from 2010 where said conviction was already calculated within the guidelines.

Appellant's Brief at 8 (some formatting altered).

Appellant argues that his sentence is unreasonable and that the trial court abused its discretion by imposing a sentence outside of the standard range of the sentencing guidelines. *Id.* at 13. In support, Appellant claims that the trial court's "primary reason for imposing such a draconian sentence which was significantly outside of the guidelines was Appellant's prior record which was already considered and encompassed in Appellant's prior record score." *Id.* at 17. Therefore, Appellant asserts that the trial court's focus on Appellant's prior convictions resulted in an unreasonable sentence and requests that we remand the matter for re-sentencing. *Id.* at 19-20.

Appellant's claims relate to the discretionary aspects of his sentence. "[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted). Before reaching the merits of such claims, we must determine:

(1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a

substantial question that the sentence is inappropriate under the sentencing code.

***Commonwealth v. Corley***, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); ***see also*** Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Battles***, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Grays***, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

Here, the record reflects that Appellant preserved his sentencing claims by raising them in his post-sentence motion, filing a timely notice of appeal and a Rule 1925(b) statement, and including a Rule 2119(f) statement in his brief. ***See Corley***, 31 A.3d at 296. Further, Appellant's claims both raise a

substantial question for our review. *See Commonwealth v. Pacheco*, 227 A.3d 358, 376 (Pa. Super. 2020) (reiterating that a claim that the trial court considered an impermissible factor at sentencing raises a substantial question).

Our well-settled standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d). Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

In reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation [(PSI)].

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

***Commonwealth v. Raven***, 97 A.3d 1244, 1253-54 (Pa. Super. 2015) (citation omitted).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), . . . [including] the protection of the public, [the] gravity of offense in relation to impact on [the] victim and community, and [the] rehabilitative needs of the defendant." ***Commonwealth v. Fullin***, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted and formatting altered). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." ***Commonwealth v. Schutzues***, 54 A.3d 86, 99 (Pa. Super. 2012) (citations omitted), *overruled on other grounds by*, ***Commonwealth v. Seals***, 353 A.3d 747 (Pa. Super. 2026).

Additionally, the trial court "must consider the sentencing guidelines." ***Fullin***, 892 A.2d at 848 (citation omitted). However, "the Sentencing Guidelines are purely advisory in nature" and "are merely one factor among

many that the court must consider in imposing a sentence." ***See Commonwealth v. Yuhasz***, 923 A.2d 1111, 1118 (Pa. 2007). (citation omitted). "[A] trial court judge has wide discretion in sentencing and can, on the appropriate record and for the appropriate reasons, consider any legal factor in imposing a sentence in the aggravated range." ***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa. Super. 2006) (citation omitted).

> Further, this Court has explained:

> It is impermissible for a court to consider factors already included within the sentencing guidelines as the sole reason for increasing or decreasing a sentence to the aggravated or mitigated range. Trial courts are permitted to use prior conviction history and other factors already included in the guidelines if they are used to supplement other extraneous sentencing information.

***Id.*** at 1275 (citation omitted, some formatting altered).

Additionally, "where the trial court is informed by a PSI [report], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Edwards***, 194 A.3d 625, 638 (Pa. Super. 2018) (citation omitted and formatting altered).

The balancing of the sentencing factors is the sole province of the sentencing court, which has the opportunity to observe the defendant and all witnesses firsthand. ***See Commonwealth v. Kurtz***, 294 A.3d 509, 536 (Pa. Super. 2023), *aff'd*, 348 A.3d 133 (Pa. 2025) (Opinion Announcing the Judgment of the Court). In conducting appellate review, this Court "cannot reweigh sentencing factors and impose judgment in place of sentencing court

- 8 -

where lower court was fully aware of all mitigating factors." *Id.* (citation omitted).

Here, at sentencing, the trial court explained:

[Your PSI] shows that you were convicted in [2000]. Possession with intent to deliver cocaine. Ultimately received a sentence of four years to ten years. Then in 2009 while you were still on probation from that or parole on that, you get another possession with intent to deliver, heroin, and ultimately received a sentence of seven years, three months to fourteen years and six months. Then we get to this offense that occurs while you are on parole for that case. And we have three separate drug deliveries. And actions speak louder than words. Your history [has] demonstrated that while on supervision you continue to do the conduct that got you in trouble in the first place. And I understand, you know, the argument of your [sic] going to be getting a hit when you go back up state and that is going to run first. That's the law. That's the require[ment] so even if I said concurrent, it doesn't matter. They will run it consecutive . . . but that's a separate issue altogether . . . [and] I do understand that, but you've continued to deal drugs. And at this point, the four to ten didn't stop you. The seven to fourteen didn't stop you. You're really demonstrating that this court is starting to have to go higher and higher to hopefully stop this kind of behavior. And again, in this case, there were three separate deliveries that you ultimately pled guilty to. So, and taken [sic] into consideration your [] criminal history, the gravities of the offenses as it impacts the victim and . . . your rehabilitative needs.

\* \* \*

In imposing the sentence in this matter, the court considered all the information in the PSI, all statements made on behalf of [Appellant], statement of [Appellant], arguments of the Commonwealth, circumstances surrounding the case, all other relevant factors, including but not limited to, the public protection, gravity of the offense as it impacts the victim and the community, the rehabilitative needs of [Appellant], the nature and circumstances of the offense and the history and characteristics of [Appellant].

- 9 -

Sentencing Hr'g, 8/7/25, at 22-24 (some formatting altered).

In its Rule 1925(a) opinion, the trial court explained:

The court departed from the guidelines because of Appellant's criminal history, nature of the offense, Appellant's repeated violations while on supervision, and failure of shorter duration sentences to change Appellant's criminal activity. Specifically, Appellant has engaged in drug dealing conduct spanning the past twenty (20) years. Despite being convicted and sentenced on two prior occasions, this has not prevented the Appellant from dealing drugs. Additionally, Appellant was on supervision for a prior PWID when he committed the current criminal offenses. . . .

\*    \*    \*

The court's sentence complied with the statutory maximum set forth in Sentencing Code. Appellant received a sentence of incarceration for a minimum of five (5) years to a maximum of ten (10) years for all three (3) PWID counts which is within the statutory maximum. . . The sentence imposed was in consideration of the Appellant's repeated PWID offenses, the gravity of those offenses, Appellant committed those offenses while on supervision, and the failure of shorter sentences to dissuade further criminal conduct. Appellant is not entitled to a volume discount because he committed multiple offenses.

The sentencing court did not enhance the Appellant's sentence pursuant to 35 P.S. § 780-115. **See Commonwealth v. Lewis**, 45 A.3d 405, 412 (Pa. Super. 2012) (finding a person convicted of a second or subsequent offense of PWID "may be imprisoned for a term up to twice the term otherwise authorized"). The court reviewed Appellant's [PSI report] and found that the current offenses are Appellant's third offense for PWID. Despite Appellant having been convicted of a second or subsequent offense under § 780-113(a)(3), the court did not impose a maximum sentence up to twice the statutory maximum.

Further, Appellant's sentence does not violate the fundamental norms of sentencing. The court considered the nature and circumstances of the offense, Appellant's criminal history, Appellant's repeated violations of supervision, the court's observations of the Appellant including the information contained

- 10 -

in the PSI, and the guideline recommendations. *See* 42 Pa.C.S. § 9781(d). The court placed these considerations on the record in the defendant's presence. *See* [Sentencing Hr'g at 22-24].

The court's imposition of a consecutive sentence on count 10 to the sentences imposed on counts 8 and 9 is within the court's discretion and does not violate a norm of sentencing. A sentencing judge has discretion to impose a sentence concurrently or consecutively to other sentences being imposed simultaneously or to sentences already imposed. ***See Commonwealth v. Mastromarino***, 2 A.3d 581 (Pa. Super. 2010). . . . The appellate court will not disturb consecutive sentences unless the aggregate sentence is grossly disparate" to the defendant's conduct, or "viscerally appear[s] patently unreasonable." ***Id.*** Here, the court found that the Appellant's conduct warranted the imposition of consecutive sentences. Appellant pled guilty to distributing several grams of cocaine, he has had a two-decade history of PWIDs, Appellant committed this offense while on supervision, and previous shorter sentences have failed to discourage further criminal activity. . . .

\* \* \*

[The] court reviewed the PSI which contained Appellant's prior arrests, parole violations, and prior convictions including the 2010 PWID conviction and 2000 PWID conviction. This court considered all the information contained in the PSI in crafting its sentence and was not strictly bound by the guideline recommendations. Considering the rehabilitative needs of the defendant, as required by [Section] 9721(b), the court found that the gravity of Appellant's conviction, Appellant's repeated PWID convictions, and the failure of shorter sentences to deter Appellant's criminal activity warranted a sentence that departed from the sentencing guidelines. A sentencing court is afforded broad discretion to consider such facts. A court only abuses this discretion when the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. Here, the court imposed a sentence within the statutory requirements and permissibly considered factors which this court, in its discretion, believes warrants a departure from the guidelines. . . .

Trial Ct. Op. at 10 (citations omitted, some formatting altered).

Following our review of the record, we discern no abuse of discretion by the trial court. *See Raven*, 97 A.3d at 1253. The record reflects that the trial court ordered a PSI report, which it reviewed prior to sentencing. *See* N.T. Sentencing Hr'g at 10. Therefore, we presume that the trial court was fully aware of any mitigating factors and considered them when imposing Appellant's sentence. *See Edwards*, 194 A.3d at 638; *see also Kurtz*, 294 A.3d at 536. Further, the record demonstrates that the trial court stated the sentencing guidelines applicable to each offense, considered the Section 9721(b) factors, and provided a statement of the reasons it relied on when imposing a sentence that exceeded the guideline range for each count of PWID. *See Raven*, 97 A.3d at 1253. Although the trial court discussed Appellant's criminal background and the nature of the offense, the trial court did not **solely** rely on those factors when fashioning Appellant's sentence. *See* Sentencing Hr'g, 8/7/25, at 22-24; *see also Shugars*, 895 A.2d at 1275. We will not re-weigh the trial court's consideration of the relevant sentencing factors on appeal. *See Kurtz*, 294 A.3d at 536. Therefore, we have no basis to conclude that Appellant's sentence was unreasonable. *See Raven*, 97 A.3d at 1253.

For these reasons, we conclude that Appellant is not entitled to relief. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 8/6/2026